UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:                                                          Chapter 11

**RICHMOND LIBERTY LLC,**                                        Case No.: 15-44866 (ESS)

                              Debtor.
---------------------------------------------------------------X

## CERTIFICATION OF RESOLUTION

     I, the undersigned, Brian Shatz, a member and manager of Richmond Liberty LLC (the "Company"), do hereby certify that the company has adopted the following resolutions which have not been modified or rescinded, and are still in full force and effect:

     **"RESOLVED,** that in the judgment of the Company it is desirable and in the best interest of the Company, its creditors, partners and other interested parties, that a petition be filed by the Company for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and it is further

     **"RESOLVED,** that the form of petition under Chapter 11 is approved and adopted in all respects, and that Brian Shatz, Member and Manager of the Company, Joshua Zegen, Member and Manager of the Company and/or David Speiser, Vice President of the Company, are authorized to execute and verify a petition substantially in such form and to cause the same to be filed with the United States Bankruptcy Court for the Eastern District of New York at such time as he shall determine; and it is further

     **"RESOLVED,** that Brian Shatz, Member and Manager of the Company, Joshua Zegen, Member and Manager of the Company and/or David Speiser, Vice President of the Company, are authorized to execute and file all petitions, reorganization schedules, lists and other papers and to take any and all other actions which they may deem necessary or proper in connection with such Chapter 11 case, and, in that connection, that the firm of Robinson Brog Leinwand Greene Genovese & Gluck P.C. be retained and employed as legal counsel for the Company under a general retainer, in addition to such special counsel as may hereafter become necessary or proper with a view to the successful conclusion of such Chapter 11 case."

{00759943.DOC;1 }

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal of the Company this

9th day of November, 2015.

Richmond Liberty LLC

By: _____

Brian Shatz, Member and Manager

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NEW YORK

In re                                         Case No. __15-44866__

**RICHMOND LIBERTY LLC** _____ ,
*Debtor*                               Chapter _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 8,500,000.00 | | |
| B - Personal Property | | | $ 400,000.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $ 100,441,690.27 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | $ |
| TOTAL | | 0 | $ 8,900,000.00 | $ 100,441,690.27 | |

B6A (Official Form 6A) (12/07)

In re RICHMOND LIBERTY LLC,          Case No.   15-44866
             Debtor                                           (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTORS INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| CONTRACT TO PURCHASE REAL PROPERTY LOCATED AT:<br><br>178 RICHMOND TERRACE;<br>170-172 RICHMOND TERRACE;<br>8 STUYVESANT PLACE;<br>18 STUYVESANT PLACE;<br>20-26 STUYVESANT PLACE A/K/A 27-33 HAMILTON AVENUE,<br>STATEN ISLAND, NEW YORK;<br>BLOCK 13, LOTS 82, 92, 100, 103, 104;<br><br>AND<br><br>180-194 RICHMOND TERRACE,<br>STATEN ISLAND, NEW YORK;<br>BLOCK 13 LOTS 75, 78, 79, 80, 81 | | | $8,500,000.00 | |
| | Total 4 | | $8,500,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  RICHMOND LIBERTY LLC, _____          Case No.  __15-44866__
                    Debtor                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | CONTRACT DOWNPAYMENT | | $400,000.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re  RICHMOND LIBERTY LLC, _____    Case No. ___15-44866_____
                              Debtor                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | POTENTIAL CLAIMS AGAINST WF LIBERTY LLC, LIBERTY TOWERS REALTY LLC, AND LIBERTY TOWERS REALTY I LLC. | | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re __RICHMOND LIBERTY LLC,__ _____          Case No. ___15-44866_____
                            **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>2</u> continuation sheets attached          Total ▶ | $400,000.00
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

B 6D (Official Form 6D) (12/07)

In re  RICHMOND LIBERTY LLC                              ,        Case No.  15-44866
                              Debtor                                                    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

[X]        Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| _0_  continuation sheets attached | | | Subtotal ► (Total of this page) | | | | $ | $ |
| | | | Total ► (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6E (Official Form 6E) (04/13)

In re __RICHMOND LIBERTY LLC_____,  Case No. _15-44866_____
                                        Debtor                              *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__3__ continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.

In re RICHMOND LIBERTY LLC _____,    Case No. 15-44866 _____
               Debtor                                               (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> CORP. COUNSEL FOR NEW YORK CITY 100 CHURCH STREET NEW YORK, NY 10007 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| Account No. <br><br> INTERNAL REVENUE SERVICE P.O. BOX 7346 PHILADELPHIA, PA 19114 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| Account No. <br> NEW YORK STATE DEPARTMENT OF FINANCE BANKRUPTCY/SPECIAL PROCEDURES SECT P.O. BOX 5300 ALBANY, NY 12205-0300 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |

Sheet no. 1 of 3 continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotals▶ (Totals of this page) | $ 0.00 | $ 0.00 | $0.00 |
|---|---|---|---|---|
| | Total▶ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| | Totals▶ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

B 6E (Official Form 6E) (04/13) – Cont.

In re RICHMOND LIBERTY LLC          ,          Case No. 15-44866
          Debtor                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Taxes and Certain Other Debts Owed to Governmental Units Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| **Account No.** <br> **NYC DEPARTMENT OF FINANCE ATTN: LEGAL AFFAIRS - DEVORA COHN, 345 ADAMS STREET, 3RD FL BROOKLYN, NY 11201** | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| **Account No.** <br> **OFFICE OF THE ATTORNEY GENERAL THE CAPITOL ALBANY, NY 12224** | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| **Account No.** <br> UNITED STATES ATTORNEY'S OFFICE EASTERN DISTRICT OF NEW YORK ATTN: CIVIL DIVISION, BANRKUPTCY PROCESSING 271 CADMAN PLAZA EAST BROOKLYN, NY 11201 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |

Sheet no. 2 of 3 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals► (Totals of this page)          $    0.00    $    0.00          $0.00

Total► (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)          $

Totals► (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)          $          $

B 6E (Official Form 6E) (04/13) – Cont.

In re RICHMOND LIBERTY LLC _____,    Case No. 15-44866 _____
                    **Debtor**                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| **Account No.** | | | | | | | | | |
| **US ATTORNEY OFFICE - SDNY 86 CHAMBERS STREET, NEW YORK, NEW YORK 10007** | | | | X | X | X | $0.00 | $0.00 | $0.00 |

Notes: FOR NOTICE PURPOSES ONLY

Sheet no. __3__ of __3__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▶ (Totals of this page)    $     0.00 | $     0.00 | $0.00

Total▶
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)    $     0.00

Totals▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)    $     0.00 | $     0.00

B 6F (Official Form 6F) (12/07)

In re **RICHMOND LIBERTY LLC** _____ ,    Case No. **15-44866** _____
                          Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | | | | | |
| **BRIAN SHATZ**<br>**825 THIRD AVENUE**<br>**NEW YORK, NY 10022** | | | | | | | $200,000.00 |
| **ACCOUNT NO.** | | | | | | | |
| **JOSH ZEGEN**<br>**825 THIRD AVENUE**<br>**NEW YORK, NY 10022** | | | | | | | $200,000.00 |
| **ACCOUNT NO.** | | | | | | | |
| **KRISS & FEUERSTEIN LLP**<br>**360 LEXINGTON AVENUE**<br>**NEW YORK, NY 10017** | | | | | | | $35,000.00 |
| **ACCOUNT NO.** | | | | | | | |
| **LAW OFFICES OF HOWARD M. FILE, ESQ.**<br>**260 CHRISTOPHER LANE**<br>**STATEN ISLAND, NEW YORK 10314** | | | | | | | $3,450.00 |
| | | | | | | Subtotal▶ | $  438,450.00 |
| **2** continuation sheets attached | | | | | | Total▶ (Use only on last page of the completed Schedule F.) | $ |

(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **RICHMOND LIBERTY LLC** _____ ,          Case No. **15-44866**
              Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | | | | | |
| **LIBERTY TOWERS REALTY I LLC**<br>**1877 E. 9TH STREET**<br>**BROOKLYN, NY 11223** | | | | X | X | X | $50,000,000.00 |
| Additional Contacts for LIBERTY TOWERS REALTY I LLC:<br><br>**LAW OFFICE OF DAVID CARLEBACH**<br>**55 BROADWAY**<br>**SUITE 1902**<br>**NEW YORK, NY 10006** | | | | | | | |
| **ACCOUNT NO.** | | | | | | | |
| **LIBERTY TOWERS REALTY LLC**<br>**1877 E. 9TH STREET**<br>**NEW YORK, NY 11223** | | | | X | X | X | $50,000,000.00 |
| Additional Contacts for LIBERTY TOWERS REALTY LLC:<br><br>**LAW OFFICE OF DAVID CARLEBACH**<br>**55 BROADWAY**<br>**SUITE 1902**<br>**NEW YORK, NY 10006** | | | | | | | |

Sheet no. __1__ of __2__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ **100,000,000.00**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re RICHMOND LIBERTY LLC _____ ,          Case No. 15-44866
_____
            Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| MADISON REALTY CAPITAL ADVISORS LLC 825 THIRD AVENUE 37TH FLOOR NEW YORK, NY 10022 | | | | | | | $1,175.45 |
| ACCOUNT NO. | | | | | | | |
| MRC EQUITY HOLDINGS LLC 825 THIRD AVENUE 37TH FLOOR NEW YORK, NY 10022 | | | | | | | $2,064.82 |
| | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  | $ | 3,240.27

Total▶  | $ 100,441,690.27
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re **RICHMOND LIBERTY LLC,**                                    Case No.  **15-44866**
                                    **Debtor**                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| WF LIBERTY LLC<br>C/O SILBERBERG & KIRSCHNER LLP<br>360 LEXINGTON AVENUE, 13TH FLOOR<br>NEW YORK, NY 10017 | Description: CONTRACT OF SALE, AMENDMENT TO CONTRACT OF SALE AND SETTLEMENT AGREEMENT, AND  LETTER AGREEMENT DATED DECEMBER 19, 2013 FOR PURCHASE OF REAL PROPERTY AND IMPROVEMENTS THEREON AS SET FORTH IN SCHEDULE A AND IDENTIFIED AS BLOCK 13, LOTS 75, 78, 79, 80, 81, 82, 92, 100, 103, AND 104, RICHMOND COUNTY, STATEN ISLAND, NEW YORK<br><br>Nature of Debtor's Interest: CONTRACT VENDEE |

B 6H (Official Form 6H) (12/07)

In re RICHMOND LIBERTY LLC,                                    Case No.  15-44866
_____                                        _____
                    Debtor                                                    (if known)

## SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **RICHMOND LIBERTY LLC**                                    ,        Case No. **15-44866**
                Debtor                                                                        (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____
                                                   Debtor

Date _____        Signature: _____
                                           (Joint Debtor, if any)

                                      [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                              Social Security No.
of Bankruptcy Petition Preparer                                           *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____        _____
  Signature of Bankruptcy Petition Preparer                         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the  **DAVID SPEISER**          [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the  **RICHMOND LIBERTY LLC**   [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **16** sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____**11/10/15**_____        Signature: _____

                                      **DAVID SPEISER**
                                      [Print or type name of individual signing on behalf of debtor.]
                                      **VICE PRESIDENT**

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

RICHMOND LIBERTY LLC,

                          Debtor.
--------------------------------------------------------X

Chapter 11
Case No.: 1-15-44866 (ESS)

### AFFIDAVIT OF BRIAN SHATZ, MEMBER AND MANAGER OF RICHMOND LIBERTY LLC
### IN COMPLIANCE WITH RULE 1007-4 OF THE LOCAL BANKRUPTCY RULES

STATE OF NEW YORK     )
                              ) ss:
COUNTY OF NEW YORK  )

       BRIAN SHATZ, being duly sworn, deposes and says:

       1.     I am a member and manager of Richmond Liberty LLC, a New York limited liability company ("Richmond" or "Debtor"). I have knowledge of and am familiar with the day-to-day operations, business and financial affairs and books and records of the Debtor. With respect to pending legal matters, I have relied upon the advice and counsel of the Debtor's attorneys and other professionals.

       2.     I submit this Affidavit (the "Affidavit") in support of the Debtor's voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C.§§ 101, et. sec. (as amended, the "Bankruptcy Code"), and pursuant to Rule 1007-4 of the Local Rules of Bankruptcy Procedure for the Eastern District of New York (the "E.D.N.Y. LBR").

       3.     Except as otherwise noted herein, all facts set forth in this Affidavit are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. If called upon to testify, I could and would testify competently to the facts set forth in this Affidavit.

{00759901.DOC;3 }

4.    Unless otherwise indicated, the financial information set forth below is unaudited.

## Background

5.    On October 29, 2015 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. No trustee, examiner or committee of unsecured creditors has as yet been appointed, and the Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.    The Debtor is a New York limited liability company that maintains a principal place of business at 825 Third Avenue, 37th Floor, New York, New York 10022. The Debtor's books and records and senior management are also located in New York, New York. The Debtor's membership consists of myself and Josh Zegen. We each own fifty (50%) percent of the membership interests in the Debtor.

7.    Currently, there are no employees employed by the Debtor.

## Summary of Reasons for Bankruptcy Filing

8.    As described in detail below, the Debtor is compelled to seek bankruptcy protection to protect its sole asset, an unequivocal right (the "Purchase Right") to purchase certain Properties (identified below), and preserve its prospects for reorganization. Pursuant to a Contract of Sale (defined further below) entered into between the Debtor and WF Liberty, LLC ("WF Liberty"), the Debtor's Purchase Right became fixed upon the July 2015 foreclosure sale of the Properties to WF Liberty, the mortgagee, who then became obligated to sell the Properties to the Debtor.

9.    It is my understanding that as a matter of law, the foreclosure sale extinguished all of the former fee owner's legal and equitable interests in the Properties, including the right to redeem.

However, the former fee owner (the "Borrower", defined further below) obtained an order in state court impermissibly resurrecting the redemption right with respect to a mortgage that encumbers a number of the Properties. In addition, the state court order, without explanation, also permitted the Borrower to redeem that mortgage for millions of dollars less than what is owed under the applicable judgment.

10.    WF Liberty did not meaningfully attempt to stop the Borrower from obtaining or exercising this unlawful redemption right. Indeed, we believe that WF Liberty conspired with the Borrower in the hopes that Borrower would redeem under the state court's order.

11.    Among other things, WF Liberty failed to argue in the state court that the Borrower's right to redeem was extinguished as a matter of law by the foreclosure sale. WF Liberty also failed to move to reargue the state court's order providing the unlawful right to redeem, to file a notice of appeal from that order, to prosecute that appeal or to seek to stay the order pending appeal.

12.    Further, despite repeated requests, WF Liberty failed and refused to inform Richmond whether the Borrower tendered $12.5 million in electronic funds to WF Liberty on or before October 13, 2015, in accordance with the state court's unlawful redemption order.

13.    By virtue of these and other failures, WF Liberty has breached its obligation under the Contract of Sale to use diligent good faith efforts to obtain title to the Properties, so that WF Liberty could then convey the Properties to Richmond.

14.    WF Liberty's actions are easy to understand. Under its Contract of Sale with Richmond, WF Liberty agreed to sell all of the Properties to Richmond for $8.5 million. However, under the state court's unlawful order, WF Liberty could receive $12.5 million from the Borrower to redeem the mortgage that applies to only some of the Properties. Thus, as a result of the

redemption order, WF Liberty could enjoy an improper windfall at the expense of Richmond's bargained-for Purchase Right.

15.    As a result of WF Liberty's breaches of the Contract of Sale, on or about October 15, 2015, Richmond filed an action in the Supreme Court of the State of New York, County of New York seeking specific performance of the Contract of Sale and related relief (the "Specific Performance Action").    Richmond anticipates that the Specific Performance Action will be removed to the Bankruptcy Court shortly.

16.    In connection with an emergency motion filed by Richmond in the Specific Performance Action, as well as the Borrower's opposition to a motion filed by Richmond in the Appellate Division, Second Department, Richmond learned that the Borrower purported to redeem the mortgage through a transfer of certain properties (not the mortgaged properties) to WF Liberty from a separate entity (not from the Borrower).    This purported redemption did not comply with the terms of the state court's redemption order because, among other reasons, the Borrower did not tender $12.5 million in electronic funds to WF Liberty on or before October 13, 2015.

17.    However, WF Liberty has failed and refused to provide Richmond with any additional information or documents relating to the purported redemption of the mortgage.    This is true even though the Court in the Specific Performance Action ordered WF Liberty to turn over such documents and information to Richmond.    Instead of complying, WF Liberty improperly attempted to avoid the Court's order.

18.    Indeed, shortly after it received notice that Richmond had filed a motion for enforcement and contempt of the Court's order in the Specific Performance Action, WF Liberty filed a new action in the Supreme Court of the State of New York, County of Richmond which is

completely duplicative of the Specific Performance Action (the "Duplicative Action"). In the Duplicative Action, WF Liberty seeks a declaratory judgment relating to whether it is required to specifically perform under the Contract of Sale – precisely the issue raised by the Specific Performance Action filed by Richmond. WF Liberty also improperly sought to consolidate the Specific Performance Action with the Duplicative Action in Richmond County, even though the Specific Performance Action was the first-filed case.

19.  In addition, WF Liberty named the Borrower as a defendant in the Duplicative Action, even though this violated the automatic stay arising from the Borrower's own bankruptcy case. As noted below, the Borrower is a debtor in a Chapter 11 case pending in front of this very Court. Yet WF Liberty never requested or obtained permission from this Court to commence the Duplicative Action against the Borrower. In any event, Richmond anticipates that the Duplicative Action will also be removed to the Bankruptcy Court shortly.

20.  As a result of the foregoing events, the Debtor has filed its bankruptcy petition to protect its sole asset –the Purchase Right contained in the Contract of Sale.

<u>Events Leading To Bankruptcy Filing</u>

A.    <u>The Foreclosure Judgments</u>

21.  WF Liberty is the holder of two separate mortgages, each of which encumbers a number of the Properties (and which together encumber all of the Properties).

22.  The first mortgage ("Mortgage A") encumbers the Properties known as 178 Richmond Terrace (Block 13, Lot 82), 170-172 Richmond Terrace (Block 13, Lot 92), 8 Stuyvesant Place (Block 13, Lot 100), 18 Stuyvesant Place (Block 13, Lot 103), and 20-26

Stuyvesant Place (a/k/a 27-33 Hamilton Avenue) (Block 13, Lot 104), Staten Island, New York (collectively, the "Mortgage A Property").

23.    The second mortgage ("Mortgage B") encumbers the Properties known as 180-194 Richmond Terrace (Block 13, Lots 75, 78, 79-81), Staten Island, New York (collectively, the "Mortgage B Property").

24.    The Mortgage A Property and Mortgage B Property are referred to collectively herein as the "Properties".

25.    Liberty Towers Realty, LLC and Liberty Towers Realty I, LLC formerly owned the Properties.

26.    Liberty Towers Realty, LLC and Liberty Towers Realty I, LLC are currently debtors in Chapter 11 cases pending in this Court, Case Nos. 14-45187 (ESS) and 14-45189 (ESS).

27.    Liberty Towers Realty, LLC and Liberty Towers Realty I, LLC will be referred to collectively below as the "Borrower".

28.    The guarantors of the loans made to the Borrower are Yehuda Lieb Puretz and Tirza Puretz (together, the "Guarantors").

29.    The Mortgage A Property is the subject of a foreclosure action now titled *WF Liberty LLC v. Liberty Towers Realty LLC, et al.*, Index No. 130138/09 (Sup. Ct. Richmond County) (Minardo, J.) (the "Mortgage A Foreclosure Action").

30.    The Mortgage B Property is the subject of a foreclosure action now titled *WF Liberty LLC v. Liberty Towers Realty LLC, et al.*, Index No. 130517/2010 (the "Mortgage B Foreclosure Action").

31.    The Mortgage A Foreclosure Action and the Mortgage B Foreclosure Action are referred to collectively herein as the "Foreclosure Actions."

32.    WF Liberty obtained a Judgment of Foreclosure and Sale (the "Mortgage A Judgment") in the Mortgage A Foreclosure Action on January 24, 2011.

33.    The Mortgage A Judgment stated that the amount owed under Mortgage A as of March 26, 2010 was $15,560,348.12, plus interest, costs and other charges.

34.    Upon information and belief, WF Liberty also obtained a Judgment of Foreclosure and Sale (the "Mortgage B Judgment") in the Mortgage B Foreclosure Action on July 7, 2014. Upon information and belief, the Mortgage B Judgment stated that the amount owed under Mortgage B as of October 31, 2013 was $6,364,199.50, plus interest, costs and other charges.

**B.    The Contract of Sale**

35.    On November 21, 2013, Richmond entered into a Contract of Sale (the "Contract of Sale") to purchase the Properties from WF Liberty.

36.    The purchase price under the Contract of Sale is $8.5 million.

37.    The Contract of Sale provides for a down payment of $400,000 upon execution.

38.    Richmond made the required down payment of $400,000.00 and has fulfilled all of its other obligations under the Contract of Sale.

39.    The Contract of Sale (as amended on April 1, 2015) provides that the closing thereunder shall take place "on the later of (i) twenty (20) days after the Property is sold at a foreclosure sale and Seller (or its affiliate) is the sole purchaser, or (ii) the date that the referee's deeds shall be delivered for the Property."

40.    Paragraph 14(b) of the Contract of Sale provides that: (i) WF Liberty is the holder of both Mortgage A (which encumbers the Mortgage A Property) and Mortgage B (which encumbers the Mortgage B Property); (ii) Mortgage A is the subject of the Mortgage A Foreclosure Action; and (iii) Mortgage B is the subject of the Mortgage B Foreclosure Action.

41.    Paragraph 14(b) of the Contract of Sale requires WF Liberty to "use its best efforts to diligently prosecute the Foreclosure Actions to completion or until such time as Seller shall have received deeds in lieu of such Foreclosure Actions."

42.    Paragraph 14(d) of the Contract of Sale further requires WF Liberty to use "diligent good faith efforts to obtain title to the [Properties]," so that WF Liberty can then convey the Properties to Richmond.

43.    Under the Amendment to the Contract of Sale, WF Liberty agreed that it "shall not accept any amount necessary to satisfy the obligations owed to [WF Liberty] other than the full amount to which it is entitled on the date of payment under the [mortgages for the Properties]."

44.    Richmond is ready, willing and able to close under the Contract of Sale.

**C.    The Foreclosure Sales**

45.    The foreclosure sales in both the Mortgage A Foreclosure Action and the Mortgage B Foreclosure Action took place on July 16, 2015.

46.    WF Liberty was the winning bidder at both foreclosure sales and purchased the Properties at the foreclosure sales.

**D.    The Borrower's Motion to Vacate The Foreclosure Sale**

47.    On July 24, 2015, after the foreclosure sale occurred (but before the referee's deed was delivered to WF Liberty), the Borrower and the Guarantors brought a motion in the Mortgage

A Foreclosure Action seeking to vacate the foreclosure sale and to be given an opportunity to redeem the Mortgage A Property.

48.    I understand that any right to redeem the Properties held by the Borrower or the Guarantors was extinguished once the foreclosure sale happened.

49.    In addition to seeking a belated right to redeem, the Borrower and the Guarantors also asked the court in the Mortgage A Foreclosure Action to erase the approximately $7.5 million in interest that had accrued since March 26, 2010.

50.    I understand that the Borrower and the Guarantors lost their opportunity to file a motion to reduce or eliminate the interest reflected in the Mortgage A Judgment when the foreclosure sale took place.

**E.    WF Liberty Breached the Contract of Sale by Failing to Use Diligent, Good Faith Efforts To Oppose the Borrower's Application**

51.    As noted, under the Contract of Sale, WF Liberty was required to use diligent and good faith efforts to prosecute both Foreclosure Actions to completion, and to obtain title to the Properties.

52.    WF Liberty breached the Contract of Sale by, among other things, failing to use diligent and good faith efforts to oppose the Borrower's redemption application in the Mortgage A Foreclosure Action.

53.    Among other failures, WF Liberty failed to present the strongest argument in opposition to the Borrower's motion:  that the Borrower had no right to redeem after the foreclosure sale in the Mortgage A Foreclosure Action had taken place.

54.    In addition, neither WF Liberty nor the Borrower informed the court in the Mortgage A Foreclosure Action of WF Liberty's Contract of Sale with Richmond.

**F.    The Orders in the Mortgage A Foreclosure Action**

55.    On September 3, 2015, the court in the Mortgage A Foreclosure Action issued an order (the "September 3, 2015 Order") giving the Borrower an opportunity to redeem the Mortgage A Property by making a payment of $12.5 million within 21 days, upon which the foreclosure sale would be vacated.

56.    On September 25, 2015, the court in the Mortgage A Foreclosure Action amended the September 3, 2015 Order by further extending the Borrower's time to redeem until October 13, 2015.

57.    Richmond has contended that the September 3, 2015 Order is wrong because, among other reasons, the Borrower had no right to redeem the Properties after the foreclosure sales occurred.

58.    Moreover, the September 3, 2015 Order does not explain why the Borrower can pay over $3 million less than the $15,560,348.12 that was set forth in the Mortgage A Judgment back in January 2011 (before most of the interest had accrued). Indeed, the September 3, 2015 Order deducts every penny of interest that accrued over the years.

59.    To date, WF Liberty has not brought a motion for leave to reargue with respect to the September 3, 2015 Order.

60.    To date, WF Liberty has not filed a notice of appeal of the September 3, 2015 Order, or sought a stay of the order pending appeal.

61.    On October 2, 2015, our counsel presented an emergency motion in the Mortgage A Foreclosure Action seeking to vacate the September 3, 2015 Order.

62.    Our counsel provided WF Liberty's counsel with advance notice of the time and place that the application would be presented.

63.    WF Liberty was obligated under the Contract to appear in court at that time and support Richmond's application when it was presented, but WF Liberty failed to do so.

64.    Our counsel then sent WF Liberty's counsel a letter dated October 2, 2015 reminding WF Liberty's counsel that it was required to "take all available steps to comply with [WF Liberty's] obligations under the [Contract of Sale].  This includes, without limitation, submitting papers in support of [Richmond's] order to show cause and working diligently to convince the Court that its Order was contrary to law and should be vacated."

65.    That letter also advised WF Liberty of the time and place when the court had scheduled oral argument on Richmond's emergency application, and advised WF Liberty that it must appear through counsel at the hearing and support Richmond's application.  Further, the letter instructed WF Liberty to advise the court in writing as soon as possible that it joins Richmond's application in all respects and believes that the September 3, 2015 Order was entered in error.

66.    Thereafter, our counsel sent numerous additional letters and emails to WF Liberty's counsel that reiterated WF Liberty's obligations under the Contract of Sale and demanded that WF Liberty comply with those obligations.

67.    However, WF Liberty never took any steps in support of our emergency motion or to vacate or overturn the September 3, 2015 Order.

68.     WF Liberty's reason for not seeking to challenge the September 3, 2015 Order is clear.  Under the September 3, 2015 Order, WF Liberty could receive $12.5 million for the redemption of the Mortgage A Property alone.  That is four million dollars more than the amount WF Liberty would receive from Richmond for **all** of the Properties pursuant to the Contract of Sale.

69.     Thus, WF Liberty is attempting to undermine Richmond's rights under the Contract of Sale so that WF Liberty can benefit to the tune of millions of dollars.

70.     Regardless of WF Liberty's motive, its failure to act is improper and a breach of its obligations under the Contract of Sale.

71.     Further, WF Liberty's failure to act is causing significant prejudice to Richmond.

72.     On October 8, 2015, the court in the Mortgage A Foreclosure Action issued an order (the "October 8, 2015 Order") which denied Richmond's emergency motion in all respects.  The October 8, 2015 Order did not state any reasons for denying the motion.

73.     Richmond has appealed both the September 3, 2015 Order and the October 8, 2015 Order to New York's Appellate Division, Second Department.

74.     Further, the Borrower purports to have redeemed the Mortgage A Property through a transfer of certain properties (not the Properties) to WF Liberty from a separate entity (not from the Borrower).  This purported redemption did not comply with the terms of the September 3, 2015 Order, as amended, because, among other reasons, the Borrower did not tender $12.5 million in electronic funds to WF Liberty on or before October 13, 2015.

75.     Nonetheless, it appears that WF Liberty failed to reject the redemption.  Further, WF Liberty refuses to disclose any additional documents or information to Richmond.

76.    As a direct result of this purported unlawful redemption, Richmond has been prejudiced.    Accordingly, Richmond has filed its bankruptcy petition to protect its valuable Purchase Right.

### Compliance with Rule 1007-4 of the Local Bankruptcy Rules

### E.D.N.Y. LBR 1007-4(a)(i)

77.    The Debtor is not a small business debtor within the meaning of Bankruptcy Code 101(51D).

### E.D.N.Y. LBR 1007-4(a)(ii)

78.    A description of the nature of Debtor's business and a statement of the circumstances leading up to the Debtor's filing under Chapter 11 is contained herein at the section entitled "Background".

### E.D.N.Y. LBR 1007-4(a)(iii)

79.    This case was not originally commenced under Chapter 7, Chapter 12 or Chapter 13.

### E.D.N.Y. LBR 1007-4(a)(iv)

80.    No committee was organized prior to the order for relief in the Chapter 11 case.

### E.D.N.Y. LBR 1007-4(a)(v)

81.    A list containing the names and addresses, and the amounts of the claims of the Debtor's twenty (20) largest known unsecured creditors, is being filed with the Debtor's petition and designates which claims are contingent, unliquidated, disputed, or partially secured.

### E.D.N.Y. LBR 1007-4(a)(vi)

82.    To the best of my knowledge, the Debtor has no secured creditors.

**E.D.N.Y. LBR 1007-4(a)(vii)**

83.   A summary of the Debtor's assets and liabilities on an unaudited basis as of the

Filing Date will be filed with the Debtor's schedules.

**E.D.N.Y. LBR 1007-4(a)(viii)**

84.   To the best of my knowledge, there are no classes of shares of stock, debentures,

or other securities of the Debtor that are publicly held.

**E.D.N.Y. LBR 1007-4(a)(ix)**

85.   There is no property of the Debtor in the possession or custody of any custodian,

public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such

entity.

**E.D.N.Y. LBR 1007-4(a)(x)**

86.   The Debtor operates its business from 825 Third Avenue, 37th Floor, New York,

New York 10022.

**E.D.N.Y. LBR 1007-4(a)(xi)**

87.   The Debtor's only assets are the Contract of Sale and the Purchase Right

contained therein.  The Debtor's books and records are maintained at its principal place of

business at 825 Third Avenue, 37th Floor, New York, New York 10022.  The Debtor holds no

assets outside the territorial limits of the United States.

**E.D.N.Y. LBR 1007-4(a)(xii)**

88.    A description of the nature and the present status of the Mortgage A Foreclosure Action, the Specific Performance Action and the Duplicative Action is contained herein at the section entitled "Background".    In addition, Liberty Towers Realty, LLC and Liberty Towers Realty I, LLC have commenced parallel adversary proceedings (Adv. Pro. Nos. 15-1065 and 15-1066) in their respective bankruptcy cases wherein they assert that the Debtor purportedly violated the automatic stay, allegedly resulting in $50 million in damages.    A list identifying these actions and any additional action (pending or threatened) against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent will be filed with the Debtor's schedules.

### E.D.N.Y. LBR 1007-4(xiii)

89.    The names of the individuals who comprise the Debtor's existing senior management and their tenure with the Debtor, will be filed with the Debtor's schedules.

### E.D.N.Y. LBR 1007-4(xiv)

90.    The estimated amount of the payroll to the employees (which do not include any officers, directors, members, stockholders, and partners of the Debtor) for the thirty (30) day period following the filing of this Chapter 11 case is zero.

### E.D.N.Y. LBR 1007-4(xv)

91.    The Debtor estimates that for the thirty (30) day period following the commencement of its Chapter 11 case, there will be no amounts to be paid for services to the Debtor's officers or members.    The Debtor has not retained any financial or business consultant.

## E.D.N.Y. LBR 1007-4(xvi)

92.    The estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, for the thirty (30) day period following the filing of the Chapter 11 petition, is zero.

## E.D.N.Y. LBR 1007-4(xvii)

93.    The Debtor will provide such additional information to the Court as is necessary to fully inform the Court of its rehabilitation prospects.

## Conclusion

94.    The Borrower' purported exercise of the illegitimate redemption right and WF Liberty's failure to fulfill its obligations under the Contract of Sale have prejudiced the Debtor. Accordingly, the Debtor seeks bankruptcy protection in order to protect its sole asset, the Purchase Right under the Contract of Sale.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Brian Shatz, Member and Manager of
Richmond Liberty LLC

Sworn to before me this
10th day of November, 2015

NOTARY PUBLIC, State of New York
No. O1SA6099098
Qualified in Bronx County
Commission Expires 9|22|2019

JOAN SANTIAGO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6099098
Qualified in Bronx County
My Commission Expires September 22, 2019

{00759901.DOC;3 }17

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

In re  RICHMOND LIBERTY LLC,

Debtor

Case No. _____ 15-44866 _____

Chapter _____ 11 _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1)<br><br>*Name of creditor and complete mailing address, including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br><br>*Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| LIBERTY TOWERS REALTY I LLC 1877 E. 9TH STREET BROOKLYN, NEW YORK 11223 | LAW OFFICE OF DAVID CARLEBACH 55 BROADWAY SUITE 1902 NEW YORK, NEW YORK 10006 | | This claim is contingent, unliquidated, and disputed. | $50,000,000.00 |
| LIBERTY TOWERS REALTY LLC 1877 E. 9TH STREET NEW YORK, NEW YORK 11223 | LAW OFFICE OF DAVID CARLEBACH 55 BROADWAY SUITE 1902 NEW YORK, NEW YORK 10006 | | This claim is contingent, unliquidated, and disputed. | $50,000,000.00 |
| BRIAN SHATZ 825 THIRD AVENUE NEW YORK, NEW YORK 10022 | | | | $200,000.00 |
| JOSH ZEGEN 825 THIRD AVENUE NEW YORK, NEW YORK 10022 | | | | $200,000.00 |

B 4 (Official Form 4) (12/07)

| | | | | |
|---|---|---|---|---|
| KRISS & FEUERSTEIN LLP 360 LEXINGTON AVENUE NEW YORK, NEW YORK 10017 | | | | $35,000.00 |
| LAW OFFICES OF HOWARD M. FILE, ESQ. 260 CHRISTOPHER LANE STATEN ISLAND, NEW YORK 10314 | | | | $3,450.00 |
| MRC EQUITY HOLDINGS LLC 825 THIRD AVENUE 37TH FLOOR NEW YORK, NEW YORK 10022 | | | | $2,064.82 |
| MADISON REALTY CAPITAL ADVISORS LLC 825 THIRD AVENUE 37TH FLOOR NEW YORK, NEW YORK 10022 | | | | $1,175.45 |

Date: _____

_____
Debtor

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, DAVID SPEISER, the VICE PRESIDENT of RICHMOND LIBERTY LLC named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Creditors Holding 20 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Date: __11/10/15_____    _____
DAVID SPEISER, Vice President

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF NEW YORK

In re: RICHMOND LIBERTY LLC _____    Case No 15-44866 _____
_____Debtor_____                                                    _____(if known)_____

## STATEMENT OF FINANCIAL AFFAIRS

---

**1. Income from employment or operation of business**

None ☒   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                     SOURCE

**2. Income other than from employment or operation of business**

None ☒   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                     SOURCE

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☒   a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR       DATES OF       AMOUNT       AMOUNT
                                         PAYMENTS       PAID       STILL OWING

None ☒ *b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:

None ☒ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Debtor: | | | |
| WF LIBERTY LLC V. LIBERTY TOWERS REALTY LLC AND RICHMOND LIBERTY LLC Case Number: 150968/2015 | | RICHMOND CIVIL SUPREME STATEN ISLAND | PENDING |
| RICHMOND LIBERTY LLC V. WF LIBERTY, LLC Case Number: 653444/2015 | | NEW YORK CIVIL SUPREME MANHATTAN | PENDING |
| RICHMOND LIBERTY LLC V. WF LIBERTY LLC Case Number: 150926/2015 | | RICHMOND CIVIL SUPREME STATEN ISLAND | DISCONTINUED |
| LIBERTY TOWERS REALTY LLC V. RICHMOND LIBERTY LLC, KRISS & FEUERSTEIN LLP AND JEROLD C. FEUERSTEIN Case Number: 15-1066 | | BANKRUPTCY COURT EASTERN DISTRICT NEW YORK | PENDING |

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

LIBERTY TOWERS REALTY I LLC                BANKRUPTCY            PENDING
V. RICHMOND LIBERTY LLC,                   COURT
KRISS & FEUERSTEIN LLP AND                 EASTERN DISTRICT
JEROLD C. FEUERSTEIN                       NEW YORK
Case Number: 15-1065

None
☒        b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
         year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
         must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
         the spouses are separated and a joint petition is not filed.)

         NAME AND ADDRESS
         OF PERSON FOR WHOSE          DATE OF            AND VALUE
         BENEFIT PROPERTY WAS SEIZED  SEIZURE           OF PROPERTY

---

**5. Repossessions, foreclosures and returns**

None
☒        List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
         of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
         (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
         spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                                       DATE OF REPOSSESSION,       DESCRIPTION
         NAME AND ADDRESS              FORECLOSURE SALE,            AND VALUE
         OF CREDITOR OR SELLER         TRANSFER OR RETURN           OF PROPERTY

---

**6. Assignments and receiverships**

None
☒        a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the
         commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by
         either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
         filed.)

                                                                   TERMS OF
         NAME AND ADDRESS              DATE OF                      ASSIGNMENT
         OF ASSIGNEE                   ASSIGNMENT                   OR SETTLEMENT

None
☒        b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year**
         immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
         include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
         spouses are separated and a joint petition is not filed.)

                              NAME AND LOCATION
                              OF COURT                           DESCRIPTION
         NAME AND ADDRESS     CASE TITLE & NUMBER    DATE OF     AND VALUE
         OF CUSTODIAN                                ORDER       OF PROPERTY

---

### 7. Gifts

None ☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: ROBINSON BROG 875 THIRD AVENUE NEW YORK, NEW YORK 10022 | 10/29/15 | $11,717.00 RETAINER AND FILING FEE |

### 10. Other transfers

None ☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☒    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
☒    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None
☒    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None
☒    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None
☒    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15. Prior address of debtor

None
☒    If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

### 16. Spouses and Former Spouses

None
☒    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☒   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None ☒   a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Debtor: | | | | |

None ☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

8

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☒

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                               DATES SERVICES RENDERED

Debtor:

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

Debtor:

None
☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                               ADDRESS

Debtor:
RICHMOND LIBERTY LLC                    825 THIRD AVENUE, 37TH FLOOR
                                        NEW YORK, NEW YORK 10022

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                               DATE ISSUED

Debtor:

**20. Inventories**

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |
| DATE OF INVENTORY | INVENTORY SUPERVISOR |  |

Debtor:

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |
| DATE OF INVENTORY |  |

Debtor:

**21. Current Partners, Officers, Directors and Shareholders**

None
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| N/A | | |

None
☐

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| BRIAN SHATZ<br>C/O MADISON REALTY CAPITAL<br>825 THIRD AVENUE, 37TH FLOOR<br>NEW YORK, NEW YORK 10022 | MEMBER | 50 |
| JOSHUA ZEGEN<br>C/O MADISON REALTY CAPITAL,<br>825 THIRD AVENUE, 37TH FLOOR<br>NEW YORK, NEW YORK 10022 | MEMBER | 50 |
| DAVID SPEISER<br>C/O MADISON REALTY CAPITAL,<br>825 THIRD AVENUE, 37TH FLOOR<br>NEW YORK, NEW YORK 10022 | VICE PRESIDENT | |

**22. Former partners, officers, directors and shareholders**

None
☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| N/A | | |

None
☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| N/A | | |

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, | DATE AND PURPOSE | AMOUNT OF MONEY OR DESCRIPTION |
|---|---|---|

RELATIONSHIP TO DEBTOR        OF WITHDRAWAL              AND VALUE OF PROPERTY

N/A

---

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION              TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ___11/10/15___                    Signature _____

                                       Print Name
                                       and Title    DAVID SPEISER, VICE PRESIDENT

                0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 203
(12/94)

# United States Bankruptcy Court

### EASTERN DISTRICT OF NEW YORK

In re

**RICHMOND LIBERTY LLC**                                    Case No.  **15-44866**

**Debtor**                                                            Chapter  11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ __11,717.00__

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . $ __11,717.00__

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ __0.00__

2. The source of the compensation paid to me was:

    ☐ Debtor          ☒ Other (specify) **THIRD PARTY**

3. The source of compensation to be paid to me is:

    ☐ Debtor          ☐ Other (specify)

4. ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

| | |
|---|---|
| 11/10/15 | /S/ A. MITCHELL GREENE |
| Date | A. MITCHELL GREENE |
| | Signature of Attorney |
| | See Attachment 1 |
| | Name of law firm |

# Attachment

**Attachment 1**
    ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

RICHMOND LIBERTY LLC,
Debtor

Case No.    15-44866

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007, Fed. R. Bank. P. for filing in this Chapter 11 case.

| Security Holder's Registered Name and Last Known Address or Place of Business | Class of Security | Number of Securities or Percentage | Kind of Interest |
|---|---|---|---|
| BRIAN SHATZ<br>C/O MADISON REALTY CAPITAL, 825 THIRD AVENUE, 37TH FLOOR NEW YORK, NEW YORK 10022 | | 50% | EQUITY |
| JOSHUA ZEGEN<br>C/O MADISON REALTY CAPITAL, 825 THIRD AVENUE, 37TH FLOOR NEW YORK, NEW YORK 10022 | | 50% | EQUITY |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, DAVID SPEISER, VICE PRESIDENT of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing **List of Equity Security Holders** and that it is true and correct to the best of my information and belief.

Date: 11/10/15

Signature:

Printed Name: DAVID SPEISER

Title: VICE PRESIDENT

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

# United States Bankruptcy Court
### Eastern District of New York

In re **RICHMOND LIBERTY LLC**                      Case No.  **15-44866**

Debtor.                                              Chapter   **11**

## STATEMENT OF CORPORATE OWNERSHIP

Comes now **RICHMOND LIBERTY LLC**_____ (the "Debtor") and pursuant to Fed. R. Bankr. P. 1007(a) and 7007.1 state as follows:

_____ All corporations that directly or indirectly own 10% or more of any class of the corporation's equity interests are listed below:

OR,

  **X**   There are no entities to report.

By: /S/ A. MITCHELL GREENE

A. MITCHELL GREENE
Signature of Attorney

Counsel for
Bar no.:
Address.: **875 THIRD AVENUE, 9TH FLOOR**
         **NEW YORK, New York 10022**

Telephone No.: **(212) 603-6300**
Fax No.:
E-mail address:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
In Re:

    RICHMOND LIBERTY LLC              Case No. 15-44866

                                      Chapter 11

              Debtor(s)
------------------------------------------------------x

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

        The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated: 11/10/15

                            _____
                            Debtor
                            RICHMOND LIBERTY  LLC
                        By:DAVID SPEISER, Vice President

                            _____
                            Joint Debtor

                            _____
                            Attorney for Debtor
                            ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

                            By: /S/ A. MITCHELL GREENE
                            A. MITCHELL GREENE

BRIAN SHATZ
825 THIRD AVENUE
NEW YORK NY 10022


CORP. COUNSEL FOR NEW YORK CITY
100 CHURCH STREET
NEW YORK NY 10007


INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19114


JOSH ZEGEN
825 THIRD AVENUE
NEW YORK NY 10022


KRISS & FEUERSTEIN LLP
360 LEXINGTON AVENUE
NEW YORK NY 10017


LAW OFFICE OF DAVID CARLEBACH
55 BROADWAY
SUITE 1902
NEW YORK NY 10006


LAW OFFICE OF DAVID CARLEBACH
55 BROADWAY
SUITE 1902
NEW YORK NY 10006


LAW OFFICES OF HOWARD M. FILE, ESQ.
260 CHRISTOPHER LANE
STATEN ISLAND NY 10314


LIBERTY TOWERS REALTY I LLC
1877 E 9TH STREET
BROOKLYN NY 11223

LIBERTY TOWERS REALTY LLC
1877 E 9TH STREET
NEW YORK NY 11223


MADISON REALTY CAPITAL ADVISORS LLC
825 THIRD AVENUE
37TH FLOOR
NEW YORK NY 10022


MRC EQUITY HOLDINGS LLC
825 THIRD AVENUE
37TH FLOOR
NEW YORK NY 10022


NEW YORK STATE DEPARTMENT OF FINANCE
BANKRUPTCYSPECIAL PROCEDURES SECT
PO BOX 5300
ALBANY NY 12205-0300


NYC DEPARTMENT OF FINANCE
ATTN: LEGAL AFFAIRS   DEVORA COHN 345 A
BROOKLYN NY 11201


OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL
ALBANY NY 12224


UNITED STATES ATTORNEY'S OFFICE
EASTERN DISTRICT OF NEW YORK
ATTN:  CIVIL DIVISION BANRKUPTCY PROCES
271 CADMAN PLAZA EAST
BROOKLYN NY 11201


US ATTORNEY OFFICE - SDNY
86 CHAMBERS STREET NEW YORK NEW YORK 1


WF LIBERTY LLC
CO SILBERBERG  KIRSCHNER LLP
360 LEXINGTON AVENUE 13TH FLOOR
NEW YORK NY 10017