ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.                                      .
875 Third Avenue, 9th Floor
New York, New York 10022
Telephone No.: 212-603-6300
A. Mitchell Greene
Proposed Counsel to the Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

RICHMOND LIBERTY LLC,

                              Debtor.
---------------------------------------------------------X

Chapter 11

Case No.:  15-44866 (ESS)

### DECLARATION OF A. MITCHELL GREENE IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C. AS COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

A. Mitchell Greene, pursuant to 28 U.S.C. §1746, declares as follows:

1.        I am a shareholder of Robinson Brog Leinwand Greene Genovese & Gluck P.C.

("**Robinson Brog**"), and an attorney duly admitted to practice law in the State of New York.

This declaration (the "**Declaration**") is submitted in support of the *Debtor's Application for*

*Order Approving the Retention of Robinson Brog Leinwand Greene Genovese & Gluck P.C. as*

*Counsel to the Debtor Effective as of the Petition Date* (the "**Application**") and to provide the

disclosures required under section 327, 328, 504 and 1107 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2014(a) and Rule 2016(b) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), and the Local Rules of Bankruptcy Practice and Procedure for the Eastern District of New York (the "**Local Rules**").[1]

2.        Pursuant to the Application, Richmond Liberty LLC (the "Debtor") seeks to retain Robinson Brog to provide legal services in connection with this Chapter 11 Case as more fully set forth below.

3.        Unless otherwise stated in this Declaration, the facts set forth herein are based upon personal knowledge, my review of relevant documentation and financial information, and information provided to me by the Debtor.   To the extent any information disclosed herein requires amendment or modification upon Robinson Brog's completion of further review and analysis or as additional party in interest information becomes available to it, a supplemental declaration disclosing such information will be submitted to the Court reflecting such amended or modified information.

4.        Robinson Brog maintains offices and a principal place of business at 875 Third Avenue, 9th Floor, New York, New York 10022.

5.        Robinson Brog possesses the requisite experience and expertise to advise the Debtor as its reorganization counsel.   Robinson Brog is a firm, with substantial expertise in corporate finance and debt restructuring transactions, secured lending, finance, corporate, real estate and other practice fields that may be required by the Debtor in its Chapter 11 Case.

6.        The Debtor seeks authorization to retain Robinson Brog as its counsel to represent it in this case and assist the Debtor in carrying out its duties as a debtor in possession under Chapter 11 of the Bankruptcy Code.   In that connection, the professional services that Robinson Brog may provide to the Debtor include, but are not limited to:

---

[1]   All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

a.      providing the Debtor with legal advice and preparing all necessary documents regarding debt restructuring, financing, bankruptcy and asset dispositions;

b.      taking all necessary actions to protect and preserve the Debtor's estate during the pendency of this Chapter 11 Case, including the prosecution of actions by the Debtor, the defense of actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved and objecting to claims filed against the estate;

c.      preparing on behalf of the Debtor, as a debtor in possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of this Chapter 11 Case;

d.      counseling the Debtor with regard to its rights and obligations as a debtor-in-possession;

e.      appearing in Court to protect the interests of the Debtor; and

f.      performing all other legal services for the Debtor which may be necessary and proper in these proceedings

7.      Except as otherwise set forth herein, Robinson Brog is not connected with the Debtor, its creditors, other parties in interest or the U.S. Trustee or any person employed by the Office of the U.S. Trustee, and, to the best of my knowledge, after due inquiry, Robinson Brog does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or other parties in interest hold or represent any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged.  Accordingly, to the best of my knowledge, Robinson Brog does not hold an interest adverse to the Debtor's estate and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

8.      Except as otherwise set forth herein, to the best of my knowledge, after due inquiry, neither I, Robinson Brog, nor any member, counsel or associate of the Firm represents any entity other than the Debtor in connection with the Chapter 11 Case.  In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Robinson Brog, nor

any member, counsel or associate of the Firm represents any party in interest other than the Debtor in this Chapter 11 Case.

9.      Robinson Brog has previously acted as counsel to Madison Realty Capital L.P. and/or affiliates of Madison Realty Capital L.P. ("MRC"), an entity under common control of the members and managers of the Debtor. These prior representations were limited to unrelated chapter 11 cases[2] where MRC was the secured creditor and/or lender or to otherwise provide advice on miscellaneous matters unrelated to Robinson Brog's proposed representation of Richmond Liberty LLC. Robinson Brog does not presently, and will not in the future represent MRC in any manner in connection with the Debtor's case. Robinson Brog advised Debtor of these representations prior to Debtor executing the engagement letter selecting Robinson Brog as its counsel.

## ROBINSON BROG DISCLOSURE PROCEDURES

10.      Robinson Brog strictly adheres to a conflict checking procedure, which involves the attorney responsible for the engagement completing a Client/Matter Intake Report (the "Intake Report"). The Intake Report requires the responsible attorney to list, to the extent such information is available at that time, and again if additional information becomes available at a later date, all parties involved in a specific matter, whether such parties are the proposed client or any affiliate, any adverse parties and their counsel and any other interested party. The Intake Report also allows the attorney to list specific, additional conflict search terms to be checked against Robinson Brog's client database. Robinson Brog's time and billing software has a special module for such conflict searches. Before a new client number is generated, the accounting department processes the Intake Report through the conflicts module to determine if

---

[2] Francis Group Holdings Corp., EDNY Case No. 14-41126 (ESS); Coney Island Land Company LLC, EDNY Case No. 12-48576 (NHL) and Jeremiah O'Brien, CTB Case No. 10-52610 (AHWS).

there are any conflicts with present or former clients of the firm.  If a search results in a match for a potential conflict, the information is reviewed by the attorney and any relevant information is set forth for disclosure under Bankruptcy Rule 2014.

11.    Separate from and in addition to the Intake Report and database search set forth herein, personnel at Robinson Brog also prepare a list of new matters at the firm which contain the client and affiliate names, known adverse parties, all other relevant parties and a brief description of the substance of the engagement, along with the name of the attorney responsible for the matter. This list is circulated by email to all attorneys in the firm.  If any attorney recognizes a conflict, that attorney is required to immediately notify the attorney responsible for the engagement who then determines if additional disclosures are required to supplement those generated by the original conflict search.  Accordingly, all new matters at the firm undergo both a mechanical search by the conflicts software module against the firm's client database and an additional search through review by every attorney at the firm through the circulation of the new matter list.

12.    With respect to the Debtor, prior to completing the Intake Report, I reviewed the initial list of creditors of the Debtor for any actual or potential conflicts that we were personally aware of.  All of those parties were then listed on the Intake Report, and were processed through our conflicts software for potential conflicts with present or former clients.  The processing of the Intake Report as described above and the firm wide dissemination of the new matter client list disclosed no matters requiring disclosure under Bankruptcy Rule 2014 or any other provision of the Bankruptcy Code.

13.    The firm's policy requires the continued monitoring of the case for any additional information requiring supplemental disclosure.  For example, if the Debtor was to amend or

supplement its schedules and statement of financial affairs, those filings would be reviewed by attorneys at the firm and resubmitted through the procedures described above to uncover any additional conflicts. In the event any additional potential conflicts are discovered, Robinson Brog will further supplement this declaration to make the appropriate disclosures.

14.    Robinson Brog does not represent and has not represented any entity in matters related to the Debtor or this Chapter 11 Case.

15.    To the best of my knowledge, information and belief, Robinson Brog or any counsel, partner or associate thereof, is not and were not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor.

16.    Prior to the commencement of the Debtor's case, the Debtor's members and managers, Brian Shatz and Joshua Zegen arranged for a payment to Robinson Brog in the amount of $11,717.00 consisting of a $10,000 retainer and $1,717 chapter 11 filing fee in connection with the filing of this case. Robinson Brog has not drawn down on the pre-petition retainer. The retainer is not an evergreen retainer and is refundable if not earned and if Robinson Brog's fees are not approved by the Court. There is no pre-petition balance due to Robinson Brog from the Debtor. Robinson Brog does not have a fee splitting arrangement with any party.

17.    Accordingly, to the best of my knowledge, Robinson Brog does not represent or hold any interest that is adverse to the estate with respect to the matters with which it will be employed, as defined by section 327(a) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

## ROBINSON BROG'S RELATIONSHIP WITH PARTIES IN INTEREST

18.    Robinson Brog and its members, counsel and associates may have in the past represented, or may currently represent and may in the future represent entities that are creditors

of the Debtor, or other parties in interest in the Debtor's Chapter 11 Case in matters unrelated to this case.

19.    To the best of my knowledge and belief, Robinson Brog has the following connections with the entities described below in matters unrelated to the Debtor's Chapter 11 Case:

a.    <u>Debtor</u>:  Robinson Brog currently represents the Debtor.

b.    <u>Officers and Trustees of the Debtors</u>:  To the best of its knowledge, Robinson Brog does not represent any of the officers or Trustees of the Debtor.

c.    <u>Unsecured Creditors</u>:  Other than the previously disclosed representations of MRC, to the best of its knowledge, Robinson Brog does not have any relationship with the Debtor's unsecured creditors.

d.    <u>Professionals Representing Other Parties In Interest</u>:    As part of its practice, Robinson Brog appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent creditors, stockholders and other parties in interest in this case. Specifically as it may relate to the Debtor's case, Robinson Brog has no connection with any other professionals known to be participating in this case.  Robinson Brog does not and will not represent any attorneys, accountants, financial consultants or investment bankers or parties in interest with respect to the Debtor's Chapter 11 Case.

e.    <u>Other Matters</u>:  Robinson Brog has numerous clients.  One or more creditors of the Debtor may be a client of the Firm in some capacity. Further, certain creditors of the Debtor may be divisions or subsidiaries of companies represented by Robinson Brog. Thus, even a conflict check on the entire list of creditors of the Debtor may not reveal completely whether any creditors of the Debtor are clients of Robinson Brog.  If Robinson Brog subsequently discovers that a creditor of the Debtor is a client of the Firm, further disclosure will be made by way of an amended Certification filed with the Court.  As set forth in paragraph 9 herein, Robinson Brog has previously acted as counsel to MRC. Robinson Brog does not presently, and will not in the future represent MRC in any manner in connection with the Debtor's case.

20.     Robinson Brog understands that it has a duty to continue to check for conflicts and connections, and in the event any new facts or relationships subsequently are discovered during the pendency of this Chapter 11 Case, Robinson Brog will supplement this Declaration and file the same with the Court.

## COMPENSATION AND BILLING PRACTICES

21.     Neither I, nor Robinson Brog, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this Chapter 11 Case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

22.     Robinson Brog has not agreed to share compensation received in connection with this Chapter 11 Case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among members of Robinson Brog.

23.     Robinson Brog has agreed to charge, and the Debtor has agreed to pay, Robinson Brog's customary hourly rates and its customary reimbursements as charged to bankruptcy and non-bankruptcy clients, subject to this Court's approval upon proper application and in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee's Guidelines for Fees and Disbursements or in accordance with any order establishing procedures for the payment of professionals in this case.  Robinson Brog will utilize partners and associates in various areas of expertise to represent the Debtor.  Robinson Brog's hourly rates for partners and of counsel currently range from $450 to $650. The hourly billing rates of Robinson Brog's associates currently range from $375 to $450.  The hourly billing rates of Robinson Brog's paralegals currently range from $175 to $225.

24.     These are Robinson Brog's standard hourly rates charged to bankruptcy and non-bankruptcy clients for work of this nature and are subject to periodic adjustments to reflect economic and other conditions. These rates are set at a level designed to fairly compensate Robinson Brog for the work of its attorneys and paralegals and to cover routine overhead expenses. In the event Robinson Brog's rates are increased during the pendency of this case, notice of such increase shall be provided to the client, to counsel for any committee appointed in this case and to the Office of the United States Trustee. It is Robinson Brog's standard policy to charge its clients for all expenses incurred in connection with a client's case, including, telephone and telecopier toll charges, photocopying charges and travel expenses.  The amounts charged by Robinson Brog for such expenses are consistent with charges billed to other similar clients.

25.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2015

/s/ A. Mitchell Greene
A. Mitchell Greene